741 So.2d 780 (1999)
Fred L. ANDRUS, Plaintiff-Appellee,
v.
CHRYSLER FINANCIAL CORPORATION, Defendant-Appellant.
No. 99-105.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1999.
Writ Denied October 15, 1999.
*781 Anthony Craig Dupre, Charles Edwin Tate, Ville Platte, for Fred L. Andrus.
Gregory McCarroll Eaton, Baton Rouge, Lee E. Butler, for Chrysler Financial Corp.
Before DOUCET, C.J.; PETERS; and GREMILLION, Judges.
PETERS, J.
This appeal concerns an attempt by Fred L. Andrus to nullify a default judgment rendered against him in favor of Chrysler Financial Corporation (Chrysler), to enjoin further garnishment of his wages by Chrysler, and to obtain a judgment against Chrysler for damages and attorney fees. Following a trial on the merits, the trial court rendered judgment annulling the default judgment and awarding Andrus $6,944.08 in special damages, $2,500.00 in general damages, and $5,500.00 in attorney fees. Chrysler appeals this judgment, and Andrus has answered the appeal, seeking an increase in damages and attorney fees. For the following reasons, we reverse.

DISCUSSION OF THE RECORD

Procedural History
The litigation arose out of the purchase by Andrus on April 22, 1995, of a 1994 GMC Jimmy truck. The purchase price of the truck was $21,669.67, and Andrus financed $20,405.77 of that amount with Chrysler through a retail installment contract which he executed on the day of purchase. The retail installment contract provided for sixty monthly payments of $466.38 beginning May 22, 1995. It further *782 granted Chrysler a security interest in the financed vehicle.
Andrus made no payments on the retail installment contract for the months of August and September 1996. Thereafter, Chrysler obtained possession of the financed vehicle and sold it at private sale on November 13, 1996, for $10,000.00. On October 27, 1997, Chrysler filed suit against Andrus, seeking judgment for a deficiency balance of $7,118.65, together with interest and attorney fees. Andrus received personal service of the petition on November 6, 1997, but failed to appear in the deficiency proceedings. On November 25, 1997, Chrysler obtained a preliminary default against Andrus. On December 7, 1997, a default judgment was entered against Andrus, awarding Chrysler $7,118.65 together with 13.20% interest and 25% attorney fees.
After the delays for suspensive appeal had run, Chrysler filed a petition to garnish Andrus's wages, citing as garnishee the Evangeline Parish School Board. On February 23, 1998, a garnishment judgment was entered. On March 6, 1998, $438.76 was garnished from Andrus's wages.[1] On March 31, 1998, Andrus filed the instant action to annul the deficiency judgment on the basis that he had agreed to relinquish the vehicle to Chrysler only in full satisfaction of his debt and without recourse. In asserting the annulment of the underlying deficiency judgment, Andrus also sought injunctive relief to prohibit garnishment of his wages. Finally, Andrus sought damages for the loss of use of the truck, damages for wrongful conversion of his wages, reasonable attorney fees, and all relief available under the Louisiana Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401, et seq. In rulings preliminary to trial, the trial court issued a preliminary injunction prohibiting further garnishment of Andrus's wages, denied Chrysler's peremptory exceptions of no cause of action and res judicata, denied Chrysler's motion for summary judgment on the issues of fraud or ill practices and unfair trade practices, and referred Chrysler's peremptory exception of prescription to the trial on the merits.
After the rendition of the judgment, Chrysler filed this appeal, contending that the trial court erred in annulling the judgment based on fraud or ill practice and in denying its exceptions of res judicata and prescription on the issue of unfair trade practices. Andrus answered the appeal, seeking an increase in damages and attorney fees awarded at the trial level and seeking attorney fees for services on appeal. Because we find that the trial court erred in annulling the default judgment, we pretermit addressing the remaining issues presented for our review.

Evidentiary Analysis
The affidavit of Joel Gonzales, the supervisor of Chrysler's New Orleans, Louisiana office, was presented at trial in lieu of his testimony. According to Gonzales, Andrus advised Chrysler on September 13, 1996, that he did not have the money to meet his obligations under the retail installment contract and wished to voluntarily surrender the vehicle to Chrysler. Gonzales further asserted that Andrus was advised about the procedure for voluntarily surrendering a vehicle and that he would be responsible for any deficiency balance.
Andrus then consulted with C. Brent Coreil, an attorney who was representing him in a personal injury and property damages action in connection with an automobile accident involving the GMC vehicle. The affidavit of Steve Green, a Chrysler adjuster in the New Orleans office, was also submitted in lieu of his testimony. According to Green, Coreil contacted him by telephone on October 16, 1996, and informed him that the vehicle had been involved in an accident and was in a body shop in Bunkie, Louisiana, and that Andrus wanted to voluntarily surrender *783 the vehicle to Chrysler. Green further asserted in his affidavit that he informed Coreil that he would fax an affidavit for Andrus to sign and that afterwards, he would pick up the vehicle.
On October 21, 1996, Chrysler faxed a form affidavit to Coreil for Andrus to execute. The affidavit was not a release; its obvious purpose was to provide Chrysler with a record of the personal property the debtor might claim was present in the surrendered vehicle at the time of surrender. When sent to Coreil, the form contained the following initial language: "I, ______, being first duly sworn, depose and say that I have personally inspected [the GMC truck at issue] and that the following is a complete and correct list of all the personal property found therein." This language was followed by a blank space for Andrus to supply the personal property information.
Coreil typed in Andrus's name and expanded on the personal property affidavit by adding the following language in the blank space to be used to supply the personal property information: "This vehicle is being turned over to Chrysler Credit in full satisfaction and without recourse." He also added: "There were no personal items in the vehicle at the time that it was taken from my possession." Andrus signed the affidavit, and Coreil returned it to Chrysler. According to both Gonzales and Green, when the affidavit was received on October 22, 1996, Gonzales handwrote the following language on the affidavit: "Not accepting this.... This is not a dation of the debt." According to Gonzales, the affidavit rejecting the language of the release was then faxed back to Coreil. Andrus admitted in his answers to requests for admission that the affidavit was returned to him or his agent with the handwritten statement by Chrysler.
Furthermore, Green asserted that he then contacted Coreil and informed him that the vehicle would be picked up from the Bunkie repair shop on October 24, 1996. Chrysler then forwarded to Andrus a form dated October 24, 1996, and entitled "Surrender/Abandonment Notice and Notice of Sale," informing him of Chrysler's intent to offer the vehicle at private sale beginning November 4, 1996. The notice further provided: "The sale price might not cover your debt and expenses. If that happens, you will owe the difference to us. We accept possession of the above vehicle with full reservation of our deficiency rights." The form also included a section explaining to Andrus what he could do to reclaim his vehicle if he chose to do so. The vehicle was sold on November 13, 1996, for $10,000.00. An account breakdown balance addressed to Andrus and dated December 6, 1996, reflected a deficiency balance of $7,118.65.
In its action for deficiency judgment, Chrysler alleged that "[o]n October 24, 1996 [the date of the notice of surrender and sale], defendant voluntarily surrendered the Property to petitioner, and petitioner sold the Property at a private sale on November 13, 1996." (Emphasis added.) Further, Chrysler alleged that "[t]he petitioner notified the defendant, in writing, that it was accepting said voluntary surrender of the Property with full reservation of all rights, including the right to recover from defendant any amount remaining due under the Contract after the sale of the Property." Chrysler also filed a request for admission of fact, interrogatories, and a request for production of documents. In support of its ultimate request for judgment, Chrysler submitted affidavits of correctness of account, the installment contract, the account balance breakdown, the notice of surrender and private sale that contained the language that Chrysler accepted possession of the vehicle with full reservation of its deficiency rights, and a listing of the amount received from the private sale. The personal property affidavit was not submitted. The trial court concluded that the final judgment was obtained by fraud or ill practices and annulled it.

*784 OPINION
"A final judgment obtained by fraud or ill practices may be annulled." La.Code Civ.P. art.2004. There are two criteria used to determine whether a particular judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances show the deprivation of legal rights of the litigant who seeks relief and (2) when the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). Conduct that prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of the party's legal rights. Id. A party seeking an annulment must demonstrate how he was prevented or excused from asserting any defenses he may have had, i.e., that he was deprived of the knowledge of the existence of the defense relied upon or the opportunity to present the defense by some fraud or ill practice on the part of the opposing party. State, Dep't of Soc. Servs., Office of Family Support in the Interest of Glass v. Robinson, 31,025 (La.App. 2 Cir. 9/23/98); 718 So.2d 609, writ not considered, 98-2704 (La.12/18/98); 731 So.2d 277.
In annulling the judgment, the trial court found that the parties had not contemplated that Chrysler would maintain a right of recourse against Andrus and that by "technical pleading and disguise (subterfuge)" Chrysler sought by its requests for admission and by its allegations in the petition "to gloss over very real and troubling issues that it knew to exist." As previously stated, Chrysler faxed a personal property affidavit to Coreil, not an affidavit of the terms of the surrender of the vehicle. When Coreil returned the affidavit with the added language, it was rejected and returned with a handwritten notation that Chrysler was not accepting the proposed terms and would not accept the return as a dation of the debt. Apparently, Andrus did nothing at that point in terms of further negotiation. Chrysler then made arrangements to acquire possession of the vehicle and related that intention to Andrus, who again did nothing. Chrysler then notified Andrus of its intent to offer the vehicle at private sale and notified him that Chrysler accepted the vehicle with full reservation of its deficiency rights. Again, Andrus did nothing in terms of further negotiation or to otherwise counteract Chrysler's actions in this regard.
Initially, we note that the action for nullity under La.Code Civ.P. art. 2004 is not a substitute for an appeal from a judgment that might be erroneous due to insufficient evidence or a misinterpretation of substantive law but is a separate remedy designed to afford relief to a party against a judgment procured by methods viewed with disdain by the judiciary. State, Dep't of Health & Human Resources, Office of Family Sec., in the Interest of Brown v. Beauchamp, 473 So.2d 323 (La.App. 1 Cir.), writ denied, 477 So.2d 1125 (La.1985). Thus, the trial court's factual finding on the issue of whether the parties contemplated that Chrysler would maintain a right of recourse against Andrus is misplaced at this point because it was an issue to be tried in the deficiency suit. Rather, the issue at this juncture is whether the judgment was obtained through fraud or ill practices. A default judgment that is otherwise legally valid cannot be set aside for the purpose of affording a defendant an opportunity to offer a defense solely because that judgment is erroneous and such action would be in the furtherance of justice. Glass, 718 So.2d 609. Andrus's position that he consented to the return of the vehicle but only without recourse is a defense that should have been asserted in the deficiency suit.
The trial court concluded that by "technical pleading and disguise (subterfuge)" Chrysler sought by its requests for admission and by its allegations in the petition "to gloss over very real and troubling issues that it knew to exist." It is not even clear that Chrysler used the unanswered *785 request for admissions in establishing its case against Andrus for the deficiency judgment. Rather, as set forth above, it appears that Chrysler submitted in support of its claim affidavits of correctness of account, the installment contract, the account balance breakdown, the notice of surrender and private sale, and a listing of the amount received from the private sale. We find this evidence sufficient to establish a prima facie case, even without the request for admissions being deemed admitted. See La.R.S. 13:4108.2.
In any event, while Chrysler's petition stated that Andrus voluntarily surrendered the vehicle to Chrysler and that it notified Andrus in writing that it was accepting the surrender with full reservation of rights, these statements do not amount to "disguise" or "subterfuge." Rather, this was Chrysler's position, and there is evidence in the record to support that position. We do not find that Chrysler was required to bring to the court's attention in the deficiency suit the fact that Andrus had attempted to surrender the vehicle without recourse, for in Brown, 473 So.2d 323, the court explained that the fact that a plaintiff presents only its own version of the controversy and fails to disclose a contrary position or view held by the defendant does not constitute fraud or ill practices, provided that the plaintiff does not present its contentions on false, fabricated, or perjured testimony. Chrysler's evidence presented on the nature of the surrender was not false or fabricated but supported its position. A trier of fact hearing both sides of the evidence could have reasonably concluded, and would not have been clearly wrong in so concluding, that the surrender was with full reservation of rights, particularly in light of the notice of surrender and private sale and in light of Andrus's unsolicited notation of surrender and his inaction after being informed that his terms of surrender were unacceptable.
Thus, the issue remaining is whether Andrus demonstrated that he was deprived of the knowledge of the existence of the defense relied upon or the opportunity to present the defense by some fraud or ill practice by Chrysler. Importantly, an action for nullity of a default judgment is not the solution to legal rights that have been lost through one party's negligence or failure to act. Glass, 718 So.2d 609. There is no evidence in the record that Chrysler prevented Andrus from having an opportunity to appear or to assert a defense, and it is obvious that Andrus knew of his defense. As we appreciate Andrus's testimony, he thought Chrysler was suing him for the deficiency in order to have the title put in its name in order to get rid of the truck and he did not take the petition seriously because he did not think that Chrysler was taking the matter seriously. He testified that he did not understand that he would be responsible for the balance. However, this testimony does not show nor does any other evidence presented show that Andrus was prevented or excused from asserting any defenses he may have had. Therefore, the trial court erred in annulling the default judgment.

DISPOSITION
For the foregoing reasons, we reverse the judgment of the trial court and reinstate the default judgment rendered on December 7, 1997, in favor of Chrysler and against Andrus for the deficiency amount of $7,118.65 plus interest and attorney fees. We assess costs of this appeal to Andrus.
JUDGMENT REVERSED AND PRIOR JUDGMENT REINSTATED.
NOTES
[1] Additionally, on April 6, 1998, an additional $438.76 was garnished from Andrus's wages.