# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-138

**SUCCESSION OF SIMON HARRELL AND CLARA HARRELL**

**VERSUS**

**ERRIS-OMEGA PLANTATION, INC., ET AL.**

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 222,091
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and David E. Chatelain,[*] Judges.

**AFFIRMED.**

**Michael L. Glass**
**Attorney at Law**
**1733 White Street**
**Alexandria, LA 71301**
**(318) 484-2917**
**Counsel for Defendants/Appellees:**
**Wilbert Joseph Saucier, Jr.**
**Erris-Omega Plantation, Inc.**

**Myles J. Johnson**
**Attorney at Law**
**2820 Jackson St.**
**Alexandria, LA 71301**
**(318) 542-4102**
**Counsel for Defendants/Appellees:**
**Wilbert Joseph Saucier, Jr.**
**Erris-Omega Plantation, Inc.**

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Gerard Nicholas Torry**
**Attorney at Law**
**516 Napoleon St.**
**Baton Rouge, LA 70802**
**(225) 387-0850**
**Counsel for Plaintiffs/Appellants:**
**Succession of Simon Harrell and Clara Harrell**

**GREMILLION, Judge.**

The plaintiffs/appellants, Succession of Simon Harrell and Clara Harrell (The Harrells), appeal the judgment in favor of the defendants/appellees, Erris-Omega Plantation, Inc. and Wilbert Joseph Saucier, Jr (Erris-Omega). For the following reasons, we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

In 1929, Simon and Clara Harrell purchased a sixty-one acre tract from the Whittington Corporation. The Harrell tract is surrounded by a 2000 acre tract owned by Erris-Omega, a corporation created by Wilbert Saucier. Erris-Omega purchased the land in 1994. The Harrells gain access to their property over the Erris-Omega tract.

In September 2004, Erris-Omega constructed a ten-foot fence that surrounds the Harrell tract, along with a ten-foot cattle guard and two gates. The Harrells maintain that they have a legal servitude right-of-way, that they are unable to bring farm implements and equipment wider than ten feet onto their property, and that Erris-Omega's actions impede their use of and access to their property.

On September 15, 2005, the Harrells filed a Petition for Preliminary and/or Permanent Injunction against Erris-Omega. Erris-Omega filed various exceptions, which were set for hearing. The trial court rendered a judgment maintaining Erris-Omega's Exception of Lack of Procedural Capacity. The Harrells were granted time to amend their petition, which they successfully did.

The parties later confected an amicable resolution of the dispute, the terms of which were stipulated to and read into the record in open court in November 2008. The November 2008 stipulation in the record stated:

1

[Erris-Omega counsel]: Your honor, as we've discussed in the back we have reached an agreement on almost all issues involved in this matter. The parties intend and hereby stipulate that they shall enter into a predial servitude agreement granting the [Harrells] - once they get a court order from the [G]rant [Parish] succession, authorizing them to accept this and enter into this contract, we would grant them a 13.5 foot wide right-of-way which would run from the levee down to the gate that is located right before the rail road [sic] tracks.

That will all have to be surveyed and [the Harrells] will pay the expense, they will obtain a registered surveyor, subject to our approval, it shouldn't be problematic, that that will be at their cost.

With respect to court costs the prior judgment cast the plaintiff in court cost for that rule. Aside from that, each party will pay their own court cost.

With respect to the gates that are already existent, those are to remain in their present state, including the cattle guard unless they [the Harrells] decide to make an alteration to extend the width of the cattle guard from the 10 foot to 16 feet or whatever, fitting within the current fencing there. That would have to be done at their expense, subject to our approval of the plans.

The gates are to remain - the two gates are to remain locked at all times save and except when the [Harrells] are passing through it.

Two extra keys will be issued as to [Erris-Omega's] gate on the levee.

And, Your Honor, we don't have authority at this time, we're fairly comfortable that we will be able to obtain, for their convenience, two extra keys to the Bobby Smith gate as well.

. . . .

And, Your Honor, we will preadmit [sic] the issue of compensation to be paid for the taking of the right-of-way and we will attempt to work that out if we can. If not, we may return to the Court, whether by memorandum or hearing for the Court to adjudicate that aspect.

. . . .

[The Court]: Is that agreeable, [Counsel for the Harrells]?

[Harrells' counsel]: Yes, sir.

2

In March 2009, Erris-Omega filed a Motion to Enforce Settlement, urging that "the parties entered into an agreement to resolve the issues regarding the servitude, pretermitting the issue of the amount of compensation to be paid by [the Harrells] for said servitude." To the motion, Erris-Omega attached the specifics of the agreement. Erris-Omega claimed that the Harrells failed to comply with the requisites of the agreement.

Following a hearing in April 2009 on the Motion to Enforce Settlement, the trial court granted the motion in favor of Erris-Omega, ordering the Harrells to execute and fulfill the terms and conditions contained in the servitude agreement within sixty days of the date of the judgment. Neither the Harrells nor their attorney were present at this hearing.

In June 2009, the Harrells filed a Petition to Annul Judgment, urging that the litigation was not settled or compromised. Erris-Omega filed a Rule to Show Cause, arguing that the Harrells be forever barred from seeking any servitude across the Erris-Omega property.[1] In July 2009, Erris-Omega filed an Exception of No Cause of Action and Answer to Petition to Annul Judgment. Following a September 2009 hearing, the trial court rendered judgment maintaining Erris-Omega's exception and dismissing the Harrells' Petition to Annul the Judgment, stating, "[The Harrells'] demands herein, including all claims for injunctive relief, be and hereby are dismissed, with prejudice, barring [the Harrells], their successors, heirs, and assigns, from obtaining a legal servitude across [Erris-Omega's] property[.]

---

[1] The contention that the Harrells be forever barred from seeking any servitude across the Erris-Omega property arose from a suggestion by the trial judge who heard the April 2009 motion as a possible result of their failure to execute the settlement. As noted, the Harrells did not appeal that judgment.

The Harrells now appeal and assign as error:

1.   The trial court's ruling that the parties entered into a binding enforceable settlement agreement.

2.   The trial court's dismissal of their Petition to Annul Judgment based on fraud or ill practice.

In response to the Harrells' reply brief to this court, Erris-Omega filed a Motion to Strike, premised upon the alleged inclusion in the Harrell's reply brief of factual inaccuracies and misrepresentations. Our decision obviates consideration of the motion to strike.

**DISCUSSION**

"A final judgment obtained by fraud or ill practices may be annulled." La.Code Civ.P. art. 2004. A trial court is permitted discretion in determining whether a judgment will be annulled because of fraud or ill practices, which we defer to on appeal. *See Wright v. La. Power & Light*, 06-1181 (La. 3/9/07), 951 So.2d 1058. An action for nullity is "not a substitute for an appeal from a judgment that might be erroneous due to insufficient evidence or a misinterpretation of substantiative law but is a separate remedy designed to afford relief to a party against a judgment procured by methods viewed with disdain by the judiciary." *Andrus v. Chrysler Fin. Corp.*, 99-105, p.7 (La.App. 3 Cir. 6/2/99), 741 So.2d 780, 784, *writ denied*, 99-1968 (La. 10/15/99), 748 So.2d 1150. The criteria used to determine whether a particular judgment has been obtained by fraud or ill practices are: "(1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable." *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067,

4

1070 (La.1983); *see also*, *Wright*, 951 So.2d 1058. "Conduct which prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of his legal rights." *Kem Search*, 434 So.2d at 1070.

It appears that the fraud or ill practices complained of by the Harrells consist of the following allegations: 1) The predial servitude agreement was not presented to the Harrells for review, and 2) The Harrells' counsel's request for continuance, submitted five days before the scheduled trial, was not granted, and, therefore, his absence at the April 20, 2009 hearing amounted to a deprivation of their right to assert a defense.

Neither of these allegations amounts to a fraud or ill practice. Both fly in the face of the evidence in the record. The Harrells stipulated to the predial servitude in open court on November 10, 2008, and had five months before the April 20, 2009 hearing to file any manner of opposition they had to the stipulated-to servitude. There was absolutely nothing filed in the record on behalf of the Harrells. Moreover, the trial court allowed the Harrells sixty more days from the April 20, 2009 hearing to comply with the servitude.[2] Again, the Harrells had every opportunity to file any number of procedural motions to contest the judgment or to appeal the judgment to this court. The June 19, 2009 Petition to Annul Judgment cannot be substituted for a timely filed appeal. *See Andrus*, 741 So.2d 780. The trial court did not err in dismissing the Harrells' Petition to Annul Judgment finding that the Harrells failed to set forth a cause of action. Accordingly, these assignments of error are without merit.

---

[2]The Harrells received the judgment on April 30, 2009.

## CONCLUSION

The judgment of the trial court in favor of the defendants/appellees, Erris-Omega Plantation, Inc. and Wilbert Joseph Saucier, Jr., is hereby affirmed. All costs of this appeal are assessed against the plaintiffs/appellants, Succession of Simon Harrell and Clara Harrell.

**AFFIRMED**.