766 So.2d 768 (2000)
Billy Dean BLACKETT, et ux., Plaintiffs-Appellants,
v.
CITY OF MONROE, State of Louisiana, through the Department of Transportation and Development and Abe E. Pierce, III, Defendants-Appellees.
No. 33,339-CA.
Court of Appeal of Louisiana, Second Circuit.
September 7, 2000.
*769 Bryant H. Graves, Baton Rouge, Counsel for Appellants.
Bernard L. Knobloch, Jr., Baton Rouge, Counsel for Appellee State of Louisiana through DOTD.
McLeod Verlander by Donald C. Douglas, Monroe, Counsel for Appellee Abe E. Pierce, III.
Boles, Boles and Ryan by Herbert Hobgood, Monroe, Counsel for Appellee City of Monroe.
Before STEWART, GASKINS and KOSTELKA, JJ.
STEWART, J.
In this action for damages, the plaintiffs-appellants, Mr. and Mrs. Billy Dean Blackett, sued Mayor Abe Pierce, the mayor of Monroe, Louisiana, in his individual capacity in an attempt to recover from the mayor the amount of the difference between what the city paid for certain property belonging to the plaintiffs and what plaintiffs believed that property was actually worth. Mayor Pierce filed an exception of no cause of action to the claims made against him in his individual capacity by the plaintiffs. Following a hearing on the merits, the trial court granted the exception filed by Mayor Pierce, subject to plaintiffs amending their petition to state a claim. The trial court gave plaintiffs ten days from the day of the hearing to amend their petition. However, the plaintiffs did not attempt to amend their petition. Accordingly, the trial court entered judgment dismissing those claims against the mayor in his individual capacity. Thereafter, this appeal ensued. We affirm.

FACTS
The Blacketts are the former owners of a parcel of land located in Monroe. The land was to be involved in a road construction project. However, a defunct gas station occupied the property. Upon learning of the city's intention to expropriate a portion of the property for use in the road construction project, the Blacketts became concerned that they would not be able to recover what they felt was the actual economic impact to them through the expropriation proceedings. In order to address these concerns, Mr. Blackett met with the Mayor to negotiate an amount that would be agreeable to all parties.
Mayor Pierce stated that he had authority to offer the minimum value, but that he would "sell" to the council the higher agreed-upon amount. Instead, Mayor Pierce did not "sell" this agreement and, as a result, the Blacketts were paid significantly below the minimum amount. The Blacketts felt their loss was valued at *770 about $37,000.00. Mr. Blackett suggested to the mayor that he should accept a figure in the middle of the high and low ends of the range. However, it is not alleged in the petition that the mayor ever represented to Mr. Blackett that he had the authority to accept the figure that Mr. Blackett suggested.
Even though the Blacketts never received an agreement from any party to the expropriation to pay the amount that Mr. Blackett suggested, the Blacketts proceeded to first, voluntarily sell the portion of their property that would not be expropriated to a third party. Then, they removed the improvements and equipment that constituted the gas station. Furthermore, they voluntarily sold the remaining section of the property to the city in lieu of requiring the city to expropriate it. In the sale to the city, the Blacketts included language which they claim requires the city as "vendee" to pay to the Blacketts as consideration an additional sum that a court may determine the Blacketts would have been entitled to receive had the property been expropriated. However, it is not alleged anywhere that the mayor in his individual capacity was a "vendee" or otherwise a party to this agreement.

DISCUSSION
By assignment of error, appellants contend that they pled sufficient facts to support a cause of action against the mayor in his individual capacity based on detrimental reliance. Essentially, appellants argue that during negotiations Mayor Pierce represented to Mr. Blackett that he would definitely sell the amount suggested by Mr. Blackett to all the parties involved in the project. Appellants claim that in order to mitigate the damage caused by the announcement of the impending project, Mr. Blackett decided to sell the remaining portion of his lot to a third party. As such, appellants argue that, in reliance on both the mayor's promise of an $80,066.00 payment and his own silence, Mr. Blackett executed a contract to sell the portion of the lot that would remain after the city's taking.
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. Jarrell v. Carter, 577 So.2d 120 (La.App. 1st Cir.), writ denied, 582 So.2d 1311 (La.1991).
The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. La. C.C.P. arts. 927, 931; Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984).
A court of appeal reviews de novo a lower court's ruling sustaining an exception of no cause of action because the lower court's decision is generally based only on the sufficiency of the petition. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983). The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief. Jarrell, supra.
Generally, under La. C.C.P. art. 931 parties may introduce no evidence to support or controvert the exception. See Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010 (La.App. 1st Cir. 3/27/97), 691 So.2d 751, 754, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982.
An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does *771 not have a cause of action, or when its allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. New Orleans v. Board of Comm'rs of Orleans Levee Dist., 93-C-0690 (La.7/5/94), 640 So.2d 237, rehearing denied. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-C-1170 (La.3/2/99), 739 So.2d 748.
Louisiana Civil Code Article 3013 states:
The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers.
In this case, since Mayor Pierce did not bind himself personally, the suit was correctly dismissed with respect to this defendant. The evidence reveals that the Blacketts have failed to allege any facts which demonstrate that Mayor Pierce took any action beyond his authority as mayor so as to render him liable in his individual capacity. We believe that the mayor did not exceed his authority with regards to the expropriation of the portion of the Blackett's property at issue in this case, and we find that the trial court properly dismissed this suit. As such, we pretermit further discussion on the issue as to whether the Blacketts detrimentally relied upon any representations made by Mayor Pierce in his individual capacity. The evidence also shows that the trial judge gave the Blacketts ten days to amend their petition, which they failed to do. The fact that the trial judge signed the judgment on this order ten days later did not give the Blacketts another ten days. This assignment of error lacks merit.

CONCLUSION
Based on the foregoing, we hereby affirm the trial court's decision. Costs of this appeal are assessed against the appellants.
AFFIRMED.