CARAWAY, J.
 

 | ,In this action, the employee cumulated claims against the employer and co-employees asserting an intentional tort by a co-employee occurring in the workplace. The employee also asserted actions for negligence by the employer and an employee regarding injuries she suffered from the battery by the other employee. Plaintiffs children and parents joined in the action seeking loss of consortium. The employer and one co-employee filed exceptions of no cause of action and no right of action, and the trial court dismissed certain claims. The plaintiffs appeal, and for the following reasons, we affirm.
 

 Facts and Procedural History
 

 As a result of an on-the-job altercation between two employees, Christina Wake-field, individually, and as the natural tutrix of her minor children, Lilly and Christopher Foster, instituted this suit for damages against a coworker, Vavondalyn Smith Kyle, her employers, TA Operating, LLC and TA Operating Corporation
 
 [1]
 
 
 *470
 
 (hereinafter collectively “TA Operating”), and her supervisor, Jerry Harvey.
 

 Wakefield’s petition alleged that while she was on the job at TA Travel Center in Tallulah on April 9, 2007, Kyle approached her. A verbal and physical altercation over an earlier work-related issue ensued. Wakefield alleged that she alerted Harvey during the altercation and he eventually separated them.
 

 Wakefield moved into a closed office, but Kyle continued to call her |2names and attempted to open the office door. When Wakefield exited the office, Kyle struck her in the head with a bolt cutter. Wake-field’s injury required 16 stitches. Kyle then physically restrained Wakefield until Harvey and another employee again intervened to separate the two employees. Wakefield was pregnant with her son Christopher at the time of the incident.
 

 The earlier incident which allegedly prompted Kyle’s confrontation with Wake-field involved Wakefield’s reporting Kyle for leaving work the day before, on April 8. Wakefield admittedly told Harvey that Kyle “had broken shift.”
 

 Regarding TA Operating and Harvey, Wakefield also alleged as follows:
 

 9.
 

 Petitioner alleges that the incident and harm to petitioner, Christina Ann Wakefield, Lilly Ann Foster and Christopher Lee Foster, were the sole result of the joint and concurring intentional conduct and omissions of the defendants, Vavondalyn Smith Kyle, TA Operating Corporation, TA Operating, LLC and Jerry Harvey in the following ways:
 

 1) [I]n that defendant, TA Operating Corporation and TA Operating, LLC, acting through its employees and servants, negligently hired an unreasonably hostile and uncontrollable employee, defendant, Vavondalyn Smith Kyle,
 

 [[Image here]]
 

 3) [I]n that defendants, TA Operating Corporation, TA Operating, LLC, and Jerry Harvey, failed to protect petitioners, Christina Ann Wakefield and Christopher Lee Foster, from the unreasonably hostile and unreasonably uncontrollable employee, defendant, Va-vondalyn Smith Kyle.
 

 Subsequently, Wakefield amended her petition to add her parents, George and Sharon Wakefield, as party plaintiffs, “re-allegfing] all ^allegations of the original petition herein by reference.”
 

 On May 22, 2008, TA Operating and Harvey filed peremptory exceptions of no cause and/or no right of action on the grounds that Wakefield’s sole remedy for the claims made against them was under the Louisiana Workers’ Compensation Act. The defendants also urged that Wake-field’s parents did not “have standing to assert any cause of action and therefore have no right of action in these proceedings.” Defendants also sought to dismiss the minor children from the action based upon the lack of allegations of facts sufficient to show that they had a cause of action against defendants.
 

 After considering the arguments and briefs submitted by counsel, the trial court gave oral reasons granting part of the relief sought by defendants. The judgment ordered:
 

 [T]hat the Peremptory Exceptions of No Cause of Action and/or No Right of Action filed on behalf of TA Operating, LLC, TA Operating Corp. and Jerry Harvey, be and are hereby sustained insofar as they pertain to plaintiffs’ alleged negligence cause of action....
 

 The ruling rested on the grounds that plaintiffs’ exclusive remedy was under the Louisiana Workers’ Compensation Act.
 
 *471
 
 The court also sustained the defendants’ exception of no right of action as to the claims of George and Sharon Wakefield. The court ordered “that in all other respects, the Peremptory Exceptions of No Cause of Action and/or No Right of Action” filed by defendants were denied. The judgment expressly determined that there was no just reason for delay and designated the judgment as a final judgment for purposes of an immediate appeal.
 

 l4Wakefield appeals the rulings relating to the dismissal of the defendants’ claims and her parents from the suit.
 

 Discussion
 

 The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition.
 
 Cleco Corp. v. Johnson,
 
 01-0175 (La.9/19/01), 795 So.2d 302;
 
 Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com’n,
 
 94-2015 (La.11/30/94), 646 So.2d 885. The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to the plaintiff if those facts are proved at trial.
 
 Cleco Corp., supra; Barrie v. V.P. Exterminators, Inc.,
 
 625 So.2d 1007 (La. 1993). In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the case to de novo review because the exception raises a question of law, and the lower court’s decision is based only on the sufficiency of the petition.
 
 Cleco Corp., supra; Mott v. River Parish Maintenance, Inc.,
 
 432 So.2d 827 (La.5/23/83).
 

 The burden of showing that the plaintiff has failed to state a cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence.
 
 Blackett v. City of Monroe,
 
 33,339 (La.App.2d Cir.9/7/00), 766 So.2d 768. The exception is triable on the face of the pleadings, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of |5the nonmoving party in determining whether the law affords any remedy to the plaintiff. La. C.C.P. arts. 927, 931;
 
 Blackett, supra.
 
 If a petition fails to state a cause of action, but the grounds of the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. La. C.C.P. art. 934.
 

 A proper analysis of a no right of action exception requires a court to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La. C.C.P. art. 927;
 
 Howard v. Administrators of Tulane Educ. Fund,
 
 07-2224 (La.7/1/08), 986 So.2d 47;
 
 Reese v. State Dep’t of Public Safety and Corrections,
 
 03-1615 (La.2/20/04), 866 So.2d 244;
 
 Industrial Companies, Inc. v. Durbin,
 
 02-0665 (La.1/28/03), 837 So.2d 1207. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.
 
 Reese, supra; Industrial Companies, Inc., supra.
 
 The court begins with an examination of the pleadings.
 
 Howard, supra.
 

 I.
 

 We will first consider whether Wakefield’s parents have a right or cause of action to bring this suit in tort. Wake-field’s parents seek damages against defendants for the tort committed upon their daughter by Kyle. The provisions of La.
 
 *472
 
 C.C. art. 2315 grant a cause of action for damages by one who is injured through the fault of another. Family members of the primary | ntort victim also have an action for loss of consortium damages allowing compensation for their diminished relationship with the primary tort victim.
 
 McGee v. A C and S, Inc.,
 
 05-1036 (La.7/10/06), 933 So.2d 770. Article 2315(B) allows this action to be filed by the surviving spouse and/or children of the injured party. The cause of action of the father and mother arises only if the injured party has no spouse or surviving child. With the claims of Wakefield’s children comprising the consortium claims in this instance, her parents do not possess any cause of action or standing to join in this suit as party plaintiffs. On these grounds, the trial court correctly dismissed the claim of George and Sharon Wakefield against all defendants.
 

 II.
 

 Concerning the trial court’s grant of the peremptory exception in favor of TA Operating and Harvey, the language of the judgment and the trial court’s oral reasons for the ruling clearly indicate that the trial court granted only partial relief, sustaining the exception of no cause of action in part for dismissal of the negligence-related claims which must be adjudicated in the Office of Workers’ Compensation (“OWC”). The claims of Wakefield as an employee against her employer, TA Operating, and her co-employees, Kyle and Harvey, fall into multiple tort categories. First, Kyle’s actions in committing a battery on Wakefield amount to an intentional tort. On the other hand, Harvey is apparently charged with negligence for his handling of the confrontation between the two individuals, and possibly, for his part in hiring Kyle. TA Operating’s actions in hiring Kyle are also alleged as direct employer negligence. 17Finally, TA Operating, as the employer of both Kyle and Harvey, is alleged to have vicarious responsibility for their actions.
 

 Relevant to the exclusivity of the rights and remedies afforded under the Louisiana Workers’ Compensation Law, La. 23:1032(A) and (B) state:
 

 A. (l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
 

 [[Image here]]
 

 B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
 

 The underlying tort committed by Kyle was an intentional tort and therefore constitutes a claim falling outside the coverage of the workers’ compensation act. An employer can be vicariously liable for the intentional acts of its employees.
 
 Le-Brane v. Lewis,
 
 292 So.2d 216 (La.1974);
 
 Garcia v. Furnace and Tube Service, Inc.,
 
 
 *473
 
 40,517 (La.App.2d Cir.1/27/06), 921 So.2d 205. Such claims for employment-related intentional torts are not subject to the defense under La. R.S. 23:1032(A) which TA Operating asserts in this instance. Accordingly, plaintiffs’ tort claim against TA Operating for its alleged vicarious liability for Kyle’s intentional tort was | snot dismissed by the trial court’s partial judgment and remains for trial in district court.
 

 Apart from Kyle’s intentional tort, Wakefield made allegations of negligent hiring against TA Operating. Additionally, Wakefield claims that Harvey failed to “protect” her from the “unreasonably hostile” and “uncontrollable” Kyle. The trial court’s partial judgment dismissed these claims against TA Operating and Harvey upon the determination that these allegations asserted negligence and are the subject of the workers’ compensation act, within the jurisdiction of the OWC.
 

 In
 
 Reeves v. Structural Preservation Systems,
 
 98-1795 (La.3/12/99), 731 So.2d 208, the employer was sued after its supervisor directed the plaintiff and another employee to move a heavy sandblasting pot. The plaintiff was injured when the vessel fell on his knee. The supreme court rejected the view that the supervisor’s actions amounted to an intentional act falling within the exception of workers’ compensation coverage. The court said:
 

 Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.
 

 Id.
 
 at 212.
 

 In light of the
 
 Reeves
 
 ruling, plaintiffs’ claim regarding Harvey’s actions during Kyle’s confrontation with Wake-field, and the conclusory claim of TA Operating’s negligent hiring of Kyle, to the extent that they might represent a cause of action, are claims for negligence requiring Inadjudication before the OWC. The trial court therefore correctly determined that those claims were subject to the peremptory exception.
 

 Conclusion
 

 The judgment of the trial court in favor of TA Operating is affirmed. For clarification, the judgment sustained the exception of no cause of action in part dismissing the claims of negligence against TA Operating by Christina Ann Wakefield, Lilly Ann Foster and Christopher Lee Foster. Those plaintiffs’ claims against TA Operating for the intentional tort of Kyle remain in this action for adjudication. The claims presented against Harvey individually are for his negligence, and his exception of no cause of action was sustained, resulting in a judgment of his complete dismissal from this action. This judgment is affirmed. Finally, the judgment dismissing the entirety of the claim of plaintiffs, George and Sharon Wakefield, in favor of the defendants is affirmed. Costs of this appeal are assessed to appellants.
 

 AFFIRMED.
 

 [1]
 

 . It is unclear from the petition why Wake-field claims dual employment from what are apparently related business entities. We will refer to these parties collectively as the employer.