GAIDRY, J.
| ¿This is an appeal from the Nineteenth Judicial District Court’s granting of an exception of no cause of action for the appellee, Louisiana Workers’ Compensation Corporation (“LWCC”), and against the appellant, Louisiana Demolition, Inc. (“La. Demo”), dismissing the appellant’s petition for nullity of judgment, with prejudice. A supervisory writ filed by La. Demo seeking this Court’s review of an overruling by the Nineteenth Judicial District Court of its objection to the excessiveness of appeal costs was referred to this appeal panel. For the following reasons, we grant the writ and remand the issue to the trial court for further proceedings, and we affirm the trial court’s ruling on the exception for no cause of action.
FACTS AND PROCEDURAL HISTORY
LWCC filed an original petition on or about November 6, 2008.[1] The defendant, La. Demo, was served with personal service through its agent for service of process. La. Demo neither answered nor filed any responsive pleadings, and a preliminary default was entered against it on October 18, 2010 and a default judgment was signed on November 23, 2010.
La. Demo filed a “Petition for Nullity,” which does not explain why it failed to appear and defend the suit itself; rather, the petition for nullity focuses on the evidence introduced by LWCC, which La. Demo claims fails to establish a prima facie case. La. Demo claims the insufficiency of LWCC’s evidence amounts to fraud or ill practices, which are grounds to annul a judgment under Louisiana Code of Civil Procedure article 2004.
LWCC filed an exception raising the objection of no cause of action, which the trial court granted. The trial court stated that the issues raised in the petition for nullity “are issues either for a new trial or appeal.”
| sLa. Demo timely filed a motion and order for appeal on the court’s ruling on the exception of no cause of action. The order granting a devolutive appeal was signed on August 31, 2011. The Clerk of Court for the 19th JDC mailed a “Notice of Estimated Appeals Charges” to La. Demo’s counsel on September 19, 2011. On October 10, 2011, La. Demo filed an objection to the excessiveness of the costs. The trial court, ex parte, overruled the *767 objection as untimely, giving as reason that La.C.C.P. art. 2126 grants the movant twenty days from the mailing of notice of the costs to file the motion. Notice of costs was sent to La. Demo on September 19, 2011, and the court concluded the twenty day period ended on October 9, 2011, making La. Demo’s filing untimely by one day.
STANDARD OF REVIEW

Supervisory Writ

The date which La. Demo filed the writ is not in dispute. In a case in which there are no contested issues of fact, and the only issue is the application of the law to the undisputed facts, the proper standard of review is whether or not there has been legal error. Starks v. American Bank Nat. Ass’n, 2004-1219, p. 2, 3 (La.App. 3 Cir. 5/4/05), 901 So.2d 1243,1245.

Exception of No Cause of Action

A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as |4true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Aycock v. Chicola, 09-563, p. 3 (La.App. 3 Cir.12/16/09) 27 So.3d 1005, 1007. Therefore, exceptions of no cause of action present legal questions, and are reviewed under the de novo standard of review. Phillips v. Gibbs, 2010-0175 (La.App. 4 Cir.5/21/10), 39 So.3d 795, 797.
DISCUSSION OF SUPERVISORY WRIT
Little needs to be said of the supervisory writ, because the trial court admitted it had miscalculated the time period for La. Demo to file its objection to the excessiveness of appeal costs. Succinctly, October 10, 2011 was the last day for La. Demo to file the objection, because October 9 fell on a Sunday.[2] Therefore the deadline to file had to be carried over to the next day pursuant to La.C.C.P. art. 5059.[3] We acknowledge the miscalculation, grant the supervisory writ, and remand the matter to the trial court for further proceedings, if any are to be had.[4]
ASSIGNMENTS OF ERROR
The assignments of error on appeal are as follows:
|sThe trial court abused its discretion (committed reversible error) in ruling that *768 La. ■ Demo’s petition of nullity failed to state a cause of action;
The trial court abused its discretion (committed reversible error) in considering the entire record and not solely the petition for nullity in ruling that the petition for nullity failed to state a cause of action;
The trial court abused its discretion (committed reversible error) in denying La. Demo the opportunity to amend the petition to state a cause of action.
DISCUSSION
This appeal comes before us because of an exception of no cause of action, which is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are made in favor of the nonmoving party in determining if the law affords any remedy. Blackett v. City of Monroe, 33, 339 (La.App. 2 Cir. 9/7/00), 766 So.2d 768, 770. If the allegations set forth a .cause of action as to any part of the demand, the exception must be overruled. Lambert v. Riverboat Gaming Enforcement Division, 96-1856, p. 4 (La.App.1 Cir. 12/29/97), 706 So.2d 172, 175. We must therefore first examine La. Demo’s petition for nullity to determine whether the allegations are well-pleaded.
La. Demo’s statement of facts begins on paragraph 4 of the petition. The earlier proceedings of the court are laid out. Although La. Demo states the facts through its own biased perspective, the facts up to this point are essentially undisputed and do not put forth anything that resembles a cause of action. We accept those facts as true. In paragraph 13, however, La. Demo claims that LWCC “failed to offer adequate prima facie evidence to support the Judgment” and case law for support. What La. Demo is doing | (;here is making a legal conclusion, not an allegation based on fact. La. Demo’s conclusive statements go on from there, basing all of its allegations on the contention that LWCC did not make a prima facie case. This claim is conclusive because the trial court did not rule that no prima facie case was made in LWCC’s original petition; La. Demo makes the claim of its own volition and seeks to prove the legal argument through its petition. Legal arguments are appropriate in memoranda, but not in petitions that have to be completely factual. La. Demo’s petition, therefore, does not meet the threshold standard that Lambert requires. While Blackett requires us to accept well-pleaded facts as true, we are not required to accept La. Demo’s legal arguments as true.
Neither was the trial court required to accept the legal conclusions as true. La. Demo claims the trial court erred by going outside of its petition to rule on the exception. The trial court recognized in its oral reasons for judgment of August 1, 2011 that La. Demo’s petition for nullity centered on whether or not LWCC presented a prima facie case to the court. While it is true that review of an exception for no cause of action should be limited to the four corners of the petition, the trial court’s review of anything else in the record for this case would be harmless error at most. The petition is deficient on its face because it never states what constitutes the “prima facie evidence” that LWCC was required, but failed to present. Often a prima facie evidence standard is put forth in a statute or code article. La. Demo alludes to no such thing, and neither we nor the trial court should assume facts La. Demo may have relied upon for its legal argument if La. Demo does not provide them in its own petition. LWCC’s exception of no cause of action was properly sustained, and both of La. Demo’s as *769 signments of error which allege the trial court erred in ruling the petition for nullity failed to |7state a cause of action are without merit. Likewise, the assignment of error claiming the trial court exceeded the boundaries of the petition in ruling on the exception of no cause of action is without merit.
The final assignment of error claims the trial court erred by disallowing La. Demo to amend its petition of nullity in order to state a cause of action. Upon a complete review of the record, we see that allowing La. Demo to do so would be an act of futility that would unreasonably occupy the trial court’s time. The main issue here is whether La. Demo can allege facts that it was a victim of fraud or ill practices by either LWCC or the trial court.
La. Demo’s petition for nullity is based on the language of La.C.C.P. art. 2004, which states:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.
La. Demo’s petition makes extensive use of the term “fraud and ill practices” when discussing the court’s awarding of interest and attorney fees to LWCC. LWCC’s deficient evidence, according to La. Demo, fails to present a prima facie case and equates to fraud and ill practices. To support this argument, La. Demo cites Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983), which states that La.C.C.P. art. 2004 is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive Rthe party cast in judgment of some legal right, and where the enforcement of the-judgment would be unconscionable and inequitable. Id. at 1070.
La. Demo uses for factual similarity the case Temple v. Jackson, 376 So.2d 972 (La.App. 1 Cir.1979), where a vendor who had been granted a default judgment in a breach of contract claim failed to enter into evidence adequate testimony and documents to prove damages at the confirmation of the default hearing. Likewise, La. Demo claims that LWCC presented as evidence an affidavit of correctness of account where the affiant allegedly did not have personal knowledge of the total amount of unpaid premiums discovered in the audit of La. Demo’s financial records. According to La. Demo, this evidence is not sufficient to present a prima facie case on which a default judgment can be granted. In Temple, the Louisiana Supreme Court held that a lack of evidence such as was involved in that case constituted an ill practice sufficient to warrant annulment of the default judgment against the vendee. Id. With the Kem Search, Inc. and Temple cases together, La. Demo believes the default judgment rendered against it came from a kind of fraud or ill practice that might not have been intentional on the part of LWCC, but certainly arises to the level of improper procedure that deprived La. Demo of a right to defend against LWCC’s claims. We disagree.
La. Demo’s widespread inaction in its own defense cannot go unnoticed. La. Demo did not answer LWCC’s original petition, even though there is no dispute that La. Demo’s authorized agent was served. La. Demo did not file any exceptions, raise any affirmative defenses, or move for summary judgment against what *770 it claims was poor evidence that did not even satisfy the minimal requirements of a prima facie case. La. Demo did not appeal the default judgment, where the allegations in its petition for nullity could have served well as assignments of error. Instead, La. Demo ^waited until the eleventh hour to file this petition for nullity, which it had the legal right to do, where it essentially hashes out complaints that could have been resolved long before.
The action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim which was previously denied for failure of proof. The purpose of a nullity action is to prevent injustice which cannot be corrected through new trials and appeals. First Lake Properties, Inc. v. Smith, 09-973, p. 6 (La.App. 5 Cir. 4/27/10), 40 So.3d 215, 218. The claims asserted by La. Demo in its petition for nullity could have been easily handled in an appeal, because La. Demo essentially claims the trial court abused its discretion in its award of interest and attorney fees. La. Demo provides a very weak argument to explain its inaction, in that it filed no pleadings in the anticipation that the court would see that LWCC could not prove a prima facie case with the evidence presented. The absence of-a valid and sufficient reason for a party’s failure to defend a suit in which a default judgment was taken precludes that party from later maintaining an action for nullity of the judgment based on fraud or ill practices which could and should have been pleaded in the original suit. Mitchell v. Crane, 485 So.2d 613, 615 (La.App. 4 Cir.1986).
Fraud or ill practices which justify the annulment of a final judgment occur when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief and when the enforcement of the judgment would be unconscionable and inequitable. Kem Search, 434 So.2d at 1070. In the instant case, La. Demo was not deprived of any legal right; La. Demo waived its legal rights through its inaction. La. Demo could not remedy its defective petition by amendment. This assignment of error lacks merit.
^CONCLUSION
From what is provided in the petition for nullity, we see that La. Demo presents conclusive legal arguments instead of factual allegations to prove fraud or ill practices that deprived it of a legal right to defend against LWCC’s original petition, and no cause of action exists. Nothing would prove La. Demo has a cause of action for nullity of judgment, because the failure to exercise a right is not the same as losing the right through inappropriate judicial procedure. We therefore affirm the trial court’s sustaining the exception.
DECREE
The supervisory writ filed by La. Demo to review the Nineteenth Judicial District Court’s overruling of its objection to the excessiveness of appeals costs for being untimely is granted. The previous ruling by the trial court is vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion. The trial court’s ruling sustaining the ap-pellee LWCC’s exception for no cause of action against the appellant La. Demo is affirmed. All costs of this appeal are assessed to the appellant.
JUDGMENT AFFIRMED; WRIT GRANTED, and REMANDED
HUGHES, J„ concurs.

. The original petition was to assert a claim for an audit against Louisiana Demolition, Inc. and for any amount found to be due.

. Louisiana Revised Statutes § 1:55 states, in pertinent part:
A. The following shall be days of public rest and legal holidays and half-holidays: (1) The following shall be days of public rest and legal holidays: Sundays; ...

. Louisiana Code of Civil Procedure article 5059 provides:
In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event or default after which the period begins to run is not included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.

.Counsel for appellant had some discussion with the trial court over whether the matter of the excessiveness of appeal costs was moot. We do not believe the issue is moot, and remand out of an abundance of caution.