McKAY, Judge.
Appellant, Ward Breaux, appeals the judgment of the trial court contending that the trial court erred in failing to annul this Court’s previous judgment of February 17, 1999, case No. 97-CA0273, in which we ruled that Mr. Breaux was “retired”, which limited him to 104 weeks supplemental earnings benefits (SEB). We affirm the ruling of the trial court.
Ward Breaux was employed as a fireman with the New Orleans Fire Department from March of 1974 through April of 1994 and had earned the title of Captain. On April 11, 1994, while fighting a fire he experienced shortness of breath. He was ultimately, at age 53, diagnosed with chronic obstructive pulmonary disease (COPD). Dr. Jack Ruli, physician for the fire department, found him to be totally and permanently disabled from engaging in fire fighting duties. On April 13, 1995, Mr. Breaux filed a worker’s compensation claim alleging an occupational disease, the result of years of exposure to smoke, heat and fire gasses. The City refused to pay his benefits, arguing that his medical condition was the after effect of tobacco abuse. The matter proceeded to trial and the trial hcourt found that Mr. Breaux had a compensable injury and was entitled to all past, present and future medical expenses. The court moreover found that Mr. Breaux was entitled to SEB not to exceed 520 weeks at a rate of $1,388.90 per month and specifically found that Mr. Breaux was not retired pursuant to La. R.S. 23:1221(3)(c)(ii).
The City appealed this ruling to this Court in case No. 97-CA-0273. This Court affirmed and amended the ruling of the trial court, finding that Mr. Breaux was “retired” which limited the plaintiff to 104 weeks of SEB. Mr. Breaux applied for a rehearing, which was denied on September 15, 1997, and filed a writ of certiorari with the Louisiana Supreme Court which was denied. In his application for rehearing Mr. Breaux contends that he was not “retired” and in fact was employed, but that he had found new employment after the trial court’s ruling but before the ruling of this Court. Since this Court can only review the original record of the trial court, no information concerning the plaintiffs working status was presented.
When Mr. Breaux’s supplemental earnings benefits (SEB) were terminated he again filed a claim with the worker’s compensation board seeking to annul this Court’s ruling in Case No. 97-CA-0273 that he was retired. This claim resulted in a second trial before the hearing officer.
*335 The trial court found at the second trial that:
It Is Adjudicated and Decreed that claimant’s subsequent employment does not negate the fact that he was “retired” at the rendition of judgment, and as such claimant is entitled to supplemental earnings ^benefits for a 104 weeks period only, all pursuant to the judgment of the 4 th Circuit Court of Appeals in No.97-CA-0273.
It is from this ruling that the plaintiff now appeals.
In Mr. Breaux’s assignments he raises several issues:
I. The trial court erred in failing to annul the decision by the Fourth Circuit Court of Appeal concerning “retirement”.
II. The trial court erred in failing to rule on Mr. Breaux’s argument that one cannot be considered to have permanently withdrawn from the workforce and therefore “retired” when one is actually working.
III. The trial court erred in failing to rule on Mr. Breaux’s argument that an injured person can “unre-tire”.
Actions for nullity are governed by Louisiana Code of Civil Procedure Articles 2001 through 2006.
La. C. Civ. Pro. Art.2002 states in pertinent part that:
Annulment for vices of form; time for action
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3)By a court which does not have jurisdiction over the subject matter of the suit.
La. C. Civ. Pro. Art.2004 states in pertinent part:
Annulment for vices of substance; preemption of action
A final judgment obtained by fraud or ill practices may be annulled.
La. C. Civ. Pro. Art.2005 states in pertinent part that:
^Annulment of judgments; effect of appeal
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
An action for nullity of judgment is available only if the judgment is subject to vices of form or substance listed in the Louisiana Code of Civil Procedure. State v. One 1990 GMC Sierra Classic Truck, VIN No. 1GTCSU2XL25052929, 94-0639 (La.App. 4 Cir. 11/30/94), 646 So.2d 492, 496, writ denied, 94-3171 (La.2/17/95), 650 So.2d 254; State v. Likens, 577 So.2d 285 (La.App. 3 Cir.1991), writ denied 580 So.2d 386 (La.1991). Accordingly, a final judgment may be annulled for a vice of form, as defined in Louisiana Code of Civil Procedure Article 2002, or because it was obtained by fraud or ill practices (vice of substance) under La. C. Civ. Pro. Art. 2004. In the case sub judice no such ground for nullity exists. The trial court correctly held that the claimant’s subsequent employment does not provide legal justification for annulling this Court’s prior judgment, which was properly based on the record before it, that Mr. Breaux was retired at the time of his initial trial. Furthermore, the plaintiff did not present a claim of vice of form making the judgment invalid pursuant to La. C. Civ. Pro art. 2002.
*336 For the aforementioned reasons, we affirm the judgment of the trial court.
AFFIRMED.