865 So.2d 165 (2003)
ADVANTA BANK CORPORATION
v.
FIRST MOUNT ZION BAPTIST CHURCH.
No. 03-CA-732.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*166 Willie M. Zanders, Sr., New Orleans, LA, for Defendant/Appellant.
Lawrence R. Anderson, Jr. Seale, Smith, Zuber & Barnette, Baton Rouge, LA, for Plaintiff/Appellee.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
SOL GOTHARD, Judge.
Defendant, First Mount Zion Baptist Church (hereinafter "the Church"), appeals from a judgment denying its petition for Nullity of Judgment. For the reasons that follow, we affirm the decision of the trial court.
On September 5, 2001, plaintiff Advanta Bank Corporation (hereinafter "Advanta") filed a petition against defendants, alleging that it was the owner, lessor and assignee of musical equipment which it had leased to defendants, Toris Young and the Church, and that defendants agreed to pay rental payments sixty months, as well as interest on any delinquent payments. The petition further averred that the lease contained an acceleration clause in the event of default, and that defendants, jointly, severally and in solido, agreed to guaranty all payments and other obligations of the Church.
Defendants failed to answer the petition and on October 18, 2001, Advanta filed for preliminary default. After a hearing, the trial court rendered judgment on January 10, 2002 in favor of Advanta, confirming the default and awarding $15,052.07 plus legal interest, and attorney fees of 20% plus costs. The defendants did not appeal from this judgment.
On March 16, 2002, the Church filed a petition for nullity alleging that the default judgment obtained against it was null because its directors had not received notice of the lawsuit, and because its directors had not authorized Young, at that time its *167 pastor, to enter into the lease agreement. It further alleged that the equipment leased was delivered to New Faith Baptist Church in New Orleans, without its consent, and that the equipment had never been placed in the Church, which is located in Buras, Louisiana.
On January 23, 2003, the trial court rendered judgment denying the Church's petition for nullity. The Church filed this appeal.
In this appeal, the Church argues that the trial court erred or was clearly wrong in denying its petition for nullity "given the unique facts in this case." The Church argues that the default judgment deprived the Church and its members of their legal rights and that enforcement of the judgment would be unconscionable.
An action to annul may be brought for either vices of form or substance. La. C.C.P. art. 2001; Lizama v. Williams, 99-1040 (La.App. 5 Cir. 3/22/00), 759 So.2d 865, 868; Hollander v. Wandell, 97-556 (La.App. 5th Cir.11/12/97), 703 So.2d 742.
Actions for nullity are governed by Louisiana Code of Civil Procedure Articles 2001 through 2006.
La. C.C.P. Art. 2002 states in pertinent part that:
A final judgment shall be annulled if it is rendered:
Against an incompetent person not represented as required by law.
Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
By a court which does not have jurisdiction over the subject matter of the suit.
La. C.C.P. Art. 2004 states in pertinent part:
A final judgment obtained by fraud or ill practices may be annulled.
In Breaux v. City of New Orleans, 99-1188 (La.App. 4 Cir. 2/16/00), 753 So.2d 333, 335, the court said:
An action for nullity of judgment is available only if the judgment is subject to vices of form or substance listed in the Louisiana Code of Civil Procedure. State v. One 1990 GMC Sierra Classic Truck, VIN No. 1 GTCS142XL25052929, 94-0639 (La.App. 4 Cir. 11/30/94), 646 So.2d 492, 496, writ denied, 94-3171 (La.2/17/95), 650 So.2d 254; State v. Likens, 577 So.2d 285 (La.App. 3 Cir.1991), writ denied 580 So.2d 386 (La.1991). Accordingly, a final judgment may be annulled for a vice of form, as defined in Louisiana Code of Civil Procedure Article 2002, or because it was obtained by fraud or ill practices (vice of substance) under La. C. Civ. Pro. Art.2004.
In the case before us, there are no grounds for an action in nullity.
Pursuant to La. C.C.P. art. 2002, a judgment is absolutely null for failure of a defendant to receive notice of the suit; where there is a failure to serve the defendant with citation and a certified copy of the petition. Blue, Williams & Buckley v. Brian Investments, Ltd., 96-1451 (La.App. 1st Cir.6/20/97), 706 So.2d 999, writ denied, 97-2192 (La.11/21/97), 703 So.2d 1311. The record in this case shows that the Church was served on September 24, 2001, through personal service on Joseph Powell, Jr. On the date of service, Powell was a registered agent for service of process for the Church with the Secretary of State.
The Church argued that Powell failed to notify it of the pending suit. It further argued that it was the responsibility of Toris Young, as pastor, to change the designated agent, and that Young failed to do so. However, the Church's suit was filed approximately eight months after Young *168 left the church, and during that time the Church likewise failed to designate the new pastor as the registered agent for service of process.
Advanta followed the proper procedural guidelines in serving Powell with the petition. Accordingly, there are no grounds to declare the judgment an absolute nullity under La. C.C.P. art. 2002.
According to La. C.C.P. art. 2004, any final judgment obtained by fraud or ill practices may be annulled. There are two criteria used to determine whether a particular judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). Conduct that prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of the party's legal rights. Id. A party seeking an annulment must demonstrate how he was prevented or excused from asserting any defenses he may have had, i.e., that he was deprived of the knowledge of the existence of the defense relied upon or the opportunity to present the defense by some fraud or ill practice on the part of the opposing party. Andrus v. Chrysler Financial Corp., 99-105 (La.App. 3 Cir. 6/2/99), 741 So.2d 780, 784, writ denied, XXXX-XXXX (La.10/15/99), 748 So.2d 1150.
In this case, the Church argues that the enforcement of the judgment would be unconscionable or inequitable, but does not point to any fraud or ill practice on the part of Advanta which deprived it of the opportunity to prevent a defense. Accordingly, the Church did not prove that it was entitled to a judgment of nullity pursuant to La. C.C.P. art. 2004.
Finally, the Church argues that Young did not have the authority to enter into the lease on the Church's behalf, and thus the default judgment was wrongfully granted. However, the action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim which was previously denied for failure of proof. The purpose of a nullity action is to prevent injustice which cannot be corrected through new trials and appeals. Russland Enterprises, Inc. v. City of Gretna, 98-676 (La.App. 5 Cir. 1/26/99), 727 So.2d 1223, 1228-9; writ denied, XXXX-XXXX (La.5/28/99), 743 So.2d 669; Gladstone v. American Auto. Ass'n, Inc., 419 So.2d 1219, 1222 (La.1982). The proper procedure to remedy a failure of proof is through a motion for a new trial and/or an appeal. Russland Enterprises, Inc., supra; Clulee v. Louisiana Materials Co., Inc., 590 So.2d 780, 784 (La.App. 5 Cir. 1991), writ denied, 594 So.2d 1323 (La. 1992). In this case, the trial court correctly found that "the authority of Young was question of fact to be presented by a defense on the merits of the case."
For the above discussed reasons, the decision of the trial court denying the petition for nullity filed by First Mount Zion Baptist Church is affirmed. All costs are assessed against appellants.
AFFIRMED.