MARION F. EDWARDS, Judge.
 

 12PIaintifyappellant, Ralph Hymel (“Hy-mel”), appeals a district court judgment dismissing his Petition for Nullity. We affirm.
 

 On June 15, 2005, Discover Bank, defendant/appellee, obtained a preliminary default against Hymel for sums which it alleged were owed on Hymel’s Discover Card (“Discover”). On the same day, Hy-mel’s counsel was informed via a letter from Discover’s counsel that the preliminary default had been entered and that Discover was moving forward to confirm it. On August 10, 2005, the default was confirmed. On April 14, 2008, Hymel filed the present action to annul the default judgment for “fraud and ill practices.” In the petition, Hymel alleged that Discover did not establish a prima facie case and that the affidavit of non-military service was insufficient.
 

 Discover filed several exceptions, including an Exception of No Cause of Action and of Prescription/Peremption. Following a hearing, the trial court granted the above exceptions and dismissed the case with prejudice. Hymel appeals.
 

 On appeal, Hymel alleges that it was an ill practice within the scope of La. C.C.P. art. 2004 to confirm the default without offering an itemized statement of |3the account as required by La. C.C.P. art. 1702.1, and, further, that Discover committed an ill practice at the confirmation “when it violated Code of Civil Procedure Article 1703 by obtaining damages it did not prove.” Finally, Hymel argues that it was error to grant the Exception of Prescription/Peremption because it was brought within one year of discovering the ill practices.
 

 According to La. C.C.P. art. 2004, any final judgment obtained by fraud or ill practices may be annulled. It is imperative that courts review a petition for nullity closely as an action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof.
 
 [1]
 
 The failure to establish a prima facie case as required by La. C.C.P. art. 1702, or a failure of proof, must be raised in a motion for new trial or by appeal, not by an action for nullity.
 
 [2]
 
 The purpose of an action for nullity is to prevent injustice which cannot be corrected through new trials and appeals.
 
 [3]
 
 Here, the delays for asserting a motion for new trial, as well as the appeal delays, have long since expired for Hymel.
 

 In reviewing a decision of the trial court on a petition for nullity, the issue for the reviewing court is not whether the trial court was right or wrong but
 
 *54
 
 whether the trial court’s conclusions were reasonable.
 
 [4]
 
 Trial courts are permitted discretion in deciding when a judgment should be annulled because of fraud or ill practices, to which discretion reviewing courts will defer.
 
 [5]
 

 La. C.C.P. art. 2004
 

 is not limited to cases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through |,[Some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable....
 

 (Citations omitted.)
 
 [6]
 

 Conduct that prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of the party’s legal rights.
 
 [7]
 
 A party seeking an annulment must demonstrate how he was prevented or excused from asserting any defenses he may have had, i.e., that he was deprived of the knowledge of the existence of the defense relied upon or the opportunity to present the defense by some fraud or ill practice on the part of the opposing party.
 
 [8]
 
 When ill practices are alleged, the court must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing “how he was prevented or excused” from asserting his claims or defenses.
 

 The appellate record contains, among other things, a copy of the original petition fried by Discover; a Request for Admission of Fact; an affidavit from the account manager that the statement of account was true and correct; a copy of the card member agreement; a signed order granting the Motion for Preliminary Default; Affidavits of Correctness of Account by counsel for Discover in accordance with La. C.C.P. art. 1702.1; and a copy of the judgment confirming the default. These same documents have been found sufficient to maintain a default judgment by another court.
 
 [9]
 
 We agree.
 

 Hymel does not point to any action by Discover that prevented or excused him from appearing or asserting a defense, nor do we discern any such action. In connection with his second assignment of error, he does allege that there was a | ¡^discrepancy between the account summary presented at confirmation and the prima facie proof set forth in its petition and affidavit. Hymel avers that the account summary submitted as evidence showed a balance of “0” dollars while the petition and the affidavit offered at the confirmation attested to a balance due of $11,735.63. However, the account statement in the record clearly shows that the amount of $11,735.63 was internally charged off. La. C.C.P. art. 1703 states: “A judgment by default shall not be different in kind from that demanded in the
 
 *55
 
 petition. The amount of damages awarded shall be the amount proven to be properly due as a remedy.” The Official Notes to Article 1703 explain that the article itself “is essential to prevent the judgment by default from going beyond the scope of the prayer.” Here, the entire default proceedings prayed for the same type and amount that was ultimately awarded. Thus, the article is inapplicable.
 

 In the absence of a showing of any improper procedure on the part of Discover, or of any showing of how he was prevented or excused from presenting his defense, we see no abuse in the trial court’s discretion in dismissing Hymel’s Petition for Nullity. Because of our above findings, we pretermit any discussion of prescription/peremption.
 

 For the foregoing reasons, the judgment is affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Belle Pass Terminal, Inc. v. Jolin, Inc.,
 
 01-0149 (La.10/16/01), 800 So.2d 762.
 

 [2]
 

 .
 
 See, Hollander v. Wandell,
 
 97-556 (La.App. 5 Cir. 11/12/97), 703 So.2d 742.
 

 [3]
 

 .
 
 Advanta Bank Corp. v. First Mount Zion Baptist Church,
 
 03-732 (La.App. 5 Cir. 12/30/03), 865 So.2d 165.
 

 [4]
 

 .
 
 Belle Pass Terminal Inc., supra.
 

 [5]
 

 .
 
 Power Marketing Direct, Inc. v. Foster,
 
 05-2023 (La.9/6/06), 938 So.2d 662.
 

 [6]
 

 .
 
 Kem Search, Inc. v. Sheffield,
 
 434 So.2d 1067, 1070 (La.1983);
 
 Wright v. La. Power & Light,
 
 06-1181 (La.3/9/07) 951 So.2d 1058.
 

 [7]
 

 .See, Advanta Bank Corp. v. First Mount Zion Baptist Church, supra; Kem Search, supra.
 

 [8]
 

 .
 
 Id.
 
 (citing
 
 Andrus v. Chrysler Fin. Corp.,
 
 99-105 (La.App. 3 Cir. 6/2/99), 741 So.2d 780, 784,
 
 writ denied,
 
 99-1968 (La.10/15/99), 748 So.2d 1150).
 

 [9]
 

 .
 
 See, Discover Bank v. Peters,
 
 38,366 (La.App. 2 Cir. 4/14/04), 870 So.2d 602.