MARION F. EDWARDS, Judge.
 

 |2The judgment presented for our consideration in this appeal is the grant of an exception of prescription filed by the plain-tifí/appellee, First Lake Properties, Inc. (“First Lake”), to a petition for nullity filed by the defendant/appellant, Jobie F. Crear. For reasons that follow, we affirm.
 

 PROCEDURAL HISTORY
 

 First Lake filed a Petition on Lease, naming Kenneth Smith (“Smith”) and Jo-bie F. Crear (“Crear”) as defendants. According to the petition, Smith and Crear signed a lease on April 5, 2004 and incurred rent and charges for an apartment owned by First Lake. The petition, filed on November 15, 2006, maintained that Smith and Crear were indebted in the amount of $1,716.50, plus legal fees and legal interest. The lease is attached to the petition. While the lease states that the apartment in question was rented to both Smith and Crear by First Lake, the only signature on the lease is that of Smith. Neither Crear, nor a representative of First Lake, signed the document. Personal service was made on Crear on December 28, 2006. Crear did not answer the petition and, in due course, First Lake obtained a|spreliminary default that was confirmed and reduced to judgment against Crear on February 14, 2007.
 
 [1]
 
 According to the record before us, notice of that judgment was mailed to Crear on February 15, 2007.
 

 Subsequently, First Lake filed a judgment debtor rule against Crear. On October 9, 2008, Crear filed a petition to annul the judgment against him, alleging fraud and ill practices based on the fact that the default judgment was taken and confirmed on a lease that was never executed by either Crear or First Lake and that the default judgment was confirmed without a
 
 prima, facia
 
 showing of competent evidence of the essential allegations. Crear also filed a petition for an injunction to stay the execution of the judgment and petition for garnishment filed in Orleans Parish.
 
 [2]
 
 The trial court granted a preliminary injunction on October 8, 2008.
 

 
 *217
 
 In response, First Lake filed an exception of prescription, arguing that the action for nullity was filed beyond one year of the judgment on the lease. In that exception, First Lake shows that judgment on the lease was entered on February 14, 2007, and the action for nullity was filed beyond the one-year prescriptive period.
 

 Crear responded to the exception, arguing the fact that the judgment on the lease was based on evidence with serious deficiencies and/or obtained by ill practices and was only discovered at the judgment debtor rule held by the trial court in April 2008. Therefore, Crear maintains that the petition to annul the judgment on the lease was timely filed.
 

 After a hearing on the merits, the trial court granted First Lake’s exception of prescription and dismissed Crear’s action for nullity. It is clear from the | .¡transcript that the trial judge took into consideration the facts that Crear was personally served with the original petition on the lease and did not respond, and the action for nullity was filed more than one year after the default judgment was confirmed in making the decision to grant the exception. Crear appeals that judgment.
 

 LAW AND ANALYSIS
 

 Our law recognizes absolute nullities (vices of form) and relative nullities (vices of substance).
 
 [3]
 
 A judgment is absolutely null for failure of a defendant to receive notice of the suit; where there is a failure to serve the defendant with citation and a certified copy of the petition.
 
 [4]
 
 In the matter before us, there is no question that First Lake served its petition on the lease on Crear and that Crear did not file an answer. It is also undisputed that First Lake confirmed a default judgment on February 14, 2007 and that notification of judgment was mailed to Crear on February 15, 2007. However, according to Crear’s affidavit, he did not receive that notice. Under these facts, the provisions of La. C.C.P. art. 2002 do not apply and, therefore, the judgment against Crear does not constitute an absolute nullity.
 

 The record shows that a judgment debtor rule was originally scheduled for November 27, 2007, but it was continued and actually held on April 8, 2008. Crear was represented by counsel at that hearing. In brief to this Court, Crear asserts that the prescriptive period should begin to run at this point, making his petition for nullity, filed on October 9, 2008, timely filed.
 
 [5]
 
 In support of this claim, Crear asserts the default judgment was obtained through fraud or ill practices, and that the fraud or ill practices were not discovered until the April 2008 judgment |r,debtor rule. Crear argues the evidence used to obtain the default judgment was insufficient to establish a prima
 
 facia
 
 right to a judgment on the lease. Crear points out that the lease attached to the default judgment is not executed by either Crear or First Lake. He further argues the affidavit of correctness cannot be used as evidence to support the validity of the lease, and the attorney’s certification on the petition constitutes a false statement to the court that the allegations in the petition were grounded in fact. We are not persuaded by Crear’s arguments.
 

 As this Court has explained:
 

 
 *218
 
 According to La. C.C.P. art. 2004, any final judgment obtained by fraud or ill practices may be annulled. There are two criteria used to determine whether a particular judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable.... Conduct that prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of the party’s legal rights. A party seeking an annulment must demonstrate how he was prevented or excused from asserting any defenses he may have had, i.e., that he was deprived of the knowledge of the existence of the defense relied upon or the opportunity to present the defense by some fraud or ill practice on the part of the opposing party....
 
 [6]
 

 Although Crear alleges some fraud or ill practices, he does not point to any action that would have prevented him from asserting any defenses he had to the default judgment. Crear does argue that the default judgment should not have been granted because it does not meet the requirements necessary for the taking of a default judgment. However, the action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim which was previously denied for failure of proof. The purpose of a nullity action is to prevent injustice which cannot be corrected through new trials and appeals. The | (-¡proper procedure to remedy a failure of proof is through a motion for a new trial and/or an appeal.
 
 [7]
 

 The prescriptive period for filing an action for nullity of a judgment obtained by fraud or ill practices is one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
 
 [8]
 
 In granting the exception of prescription, the trial judge reasoned that service on Crear of the original petition for judgment on the lease and proof that notice of the default mailed to him when the judgment was entered was sufficient information to “discover” any fraud or ill practices for prescriptive purposes of an action in nullity. We agree with the trial judge’s assessment. The rule settled by our jurisprudence is that, in the absence of a showing of a valid and sufficient reason for a defendant’s failure to defend a suit on which a default judgment has been taken, such a defendant cannot maintain an action for nullity of the default judgment based on alleged defenses of fraud or ill practices which could and should have been pleaded.
 
 [9]
 

 Accordingly, we find the trial court correctly maintained the exception of prescription, and we hereby affirm that judgment.
 

 AFFIRMED.
 

 [1]
 

 . Smith relocated to Texas, and a preliminary default judgment was confirmed and reduced to judgment against him on April 25, 2008.
 

 [2]
 

 . It appears from this pleading that First Lake filed a motion to make the judgment executory in Orleans Parish and filed a petition for garnishment in First City Court for
 
 *217
 
 the Parish of Orleans. However, that document is not contained in the record before us.
 

 [3]
 

 . La. C.C.P. arts. 2001 through 2004.
 

 [4]
 

 . La. C.C.P. art. 2002.
 

 [5]
 

 .In brief to this Court, both parties assert the petition to annul judgment and for damages was filed on September 26, 2008. However, the record before us confirms the petition was actually filed on October 9, 2008.
 

 [6]
 

 .
 
 Advanta Bank Corp. v. First Mount Zion Baptist Church,
 
 03-732 (La.App. 5 Cir. 12/30/03), 865 So.2d 165, 168 (citations omitted).
 

 [7]
 

 .
 
 Id.
 

 [8]
 

 . La. C.C.P. art. 2004(B).
 

 [9]
 

 .
 
 Allen v. Michell,
 
 303 So.2d 214, 217 (La.App. 4 Cir. 1974).