SUCCESSION OF ELROSE RICHARD
VIDRINE

NO. 23-CA-15

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 664-133, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

December 06, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.

**AFFIRMED IN PART;**
**REVERSED IN PART;**
**REMANDED WITH INSTRUCTIONS**
    **JJM**
    **MEJ**

**CONCURS IN PART AND DISSENTS IN PART**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ELDON VIDRINE, JANICE VIDRINE CALCAGNO, BRUCE VIDRINE,
ROBERT VIDRINE, CHARLENE VIDRINE ROQUES, AND DORRIS
VIDRINE, HEIRS OF THE DECEASED, ELROSE RICHARD VIDRINE

    Daniel R. Martiny
    James B. Mullaly

COUNSEL FOR PLAINTIFF/APPELLEE,
ELRICK WAYNE VIDRINE, DULY APPOINTED EXECUTOR OF THE
SUCCESSION OF ELROSE RICHARD VIDRINE

    Robert Angelle

**MOLAISON, J.**

In this succession proceeding, certain heirs appeal the trial court's June 7, 2022 ruling which sustained the executor's Peremptory Exception of No Cause of Action as to their "Petition to Annul Judgment Obtained by Fraud or Ill Practices in Accordance with La. Code of Civil Procedure Art. 2004" and dismissed the Petition to Annul with prejudice. For the reasons that follow, we affirm the sustaining of the exception, reverse the dismissal of the matter, and remand for further proceedings.

## PROCEDURAL HISTORY

Elrose Richard Vidrine passed away on September 5, 2008, leaving behind twelve adult children, two of whom are now deceased. On September 8, 2008, the appellee, Elrick Vidrine, filed a petition in the Twenty-Fourth Judicial District Court for the Parish of Jefferson to probate the olographic will of his mother, Elrose Vidrine. The will, which was originally executed on November 4, 2003,[1] was amended by a statutory codicil signed by Mrs. Vidrine on October 30, 2007, to include two additional provisions: 1) the appointment of Elrick Vidrine as executor of her estate, and; 2) that any heir who contested her will or codicil would be disinherited. The trial court signed an order on September 8, 2008, probating the will and recognizing Elrick Vidrine as the executor of the decedent's estate.

On June 25, 2009, Elrick Vidrine filed a petition for injunctive relief and damages against one of his brothers, Robert Edward Vidrine, claiming that Robert had prevented him from entering their mother's home and taking inventory of the movables located therein. On June 29, 2009, the trial judge signed an order that set

---

[1] In her November 4, 2003 olographic will, the decedent left all of her property to her husband, Dorris Vidrine. However, he predeceased her.

a hearing on the claims raised in Elrick Vidrine's petition for injunctive relief. It appears, however, that these claims were resolved between the parties, as indicated in a letter dated October 1, 2008, between legal counsel for Robert and Elrick Vidrine.

On October 26, 2011, six of the decedent's heirs, Eldon Vidrine, Janice Vidrine Calcagno, Bruce Vidrine, Robert Vidrine, Charlene Vidrine Roques and Dorris Vidrine ("the Vidrine heirs"), filed a petition for probate of an olographic codicil to a last will and testament. The petition asserted that Elrose Vidrine had left an olographic will dated April 8, 2005, in which she left ownership of her home to Robert Vidrine. The petition also stated that Elrick Vidrine was aware of the new petition and that he intended to contest the validity of the codicil. The court set the matter for a hearing on December 12, 2011. The record indicates that the hearing was continued by agreement of the parties "without date" for the purpose of taking unspecified deposition testimony, and the trial court signed an order to this effect on December 13, 2011. On August 14, 2013, counsel for the Vidrine heirs filed a motion to reset the hearing on the petition to probate the April 8, 2005 codicil. A September 11, 2013 hearing date was continued by mutual consent, but a hearing was never ultimately held.

On February 11, 2020, Elrick Vidrine filed a motion to dismiss the Vidrine heirs' petition on the grounds of abandonment pursuant to La. C.C.P. art. 561. The trial court dismissed the Vidrine heirs' petition by an order dated February 11, 2020. On March 5, 2021, the Vidrine heirs filed a petition to annul judgment based upon fraud or ill practice, pursuant to La. C.C.P. art. 2004. On April 27, 2021, Elrick Vidrine filed peremptory exceptions of no cause of action and prescription. The trial court granted Elrick Vidrine's exceptions in a judgment dated June 9, 2021. On June 21, 2021, the Vidrine heirs filed a motion for reconsideration and/or a new trial. The trial court granted the Vidrine heirs' motion on August 12, 2021,

for the specific purpose of "allowing Petitioners to present evidence to controvert or overcome the presumption created by the return of the Jefferson Parish Sheriff's service of the February 11, 2020 Judgment of Dismissal." On February 2, 2022, the Vidrine heirs accepted service of the District Court's February 11, 2020 judgment that dismissed their petition to probate the April 2005 codicil and also waived formal service of the judgment.

On February 17, 2022, the Vidrine heirs re-filed their petition to annul judgment. Elrick Vidrine filed peremptory exceptions of no cause of action and prescription on April 14, 2022. In a judgment dated June 2, 2022, the trial court granted Elrick Vidrine's exceptions and dismissed the Vidrine heirs petition to annul judgment with prejudice. On June 7, 2022, the judgment was amended to correct a typographical error. This timely appeal follows.

## ASSIGNMENT OF ERROR

On appeal, the Vidrine heirs set forth their sole assignment of error as:

The District Court erred in granting the Executor's Ex Parte Motion to Dismiss the Appellants' October 26, 2011 Petition as abandoned.

However, the Vidrine heirs sought and were granted an order of appeal only as to the June 7, 2022 amended judgment that granted Elrick Vidrine's peremptory exception of no cause of action and dismissed the Vidrine heirs' petition to annul based on fraud or ill practices.

## LAW AND ANALYSIS

The appellants seek review of the trial court's June 7, 2022 judgment in which Elrick Vidrine's peremptory exception of no cause of action was granted.

### *Peremptory exception of no cause of action*

A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert an action against the defendant. *Show-Me Const., LLC v. Wellington Specialty Ins. Co.*, 11-

528 (La. App. 5 Cir. 12/29/11), 83 So.3d 1156, 1159. The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. *Jenkins v. Jackson*, 16-482 (La. App. 5 Cir. 2/22/17), 216 So.3d 1082, 1089, *writ denied*, 17-652 (La. 9/6/17), 224 So.3d 984. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *In Re Shell*, 18-709 (La. App. 5 Cir. 5/30/19), 274 So.3d 872, *writ denied*, 19-1068 (La. 10/21/19), 280 So.3d 1166. No evidence may be introduced to support or controvert the exception raising the objection of no cause of action. *Show-Me Const., LLC, supra*, citing La. C.C.P. art. 931. The appellate court standard of review of a judgment sustaining an exception of no cause of action is *de novo* because the exception raises a question of law. *Jenkins, supra*.

According to La. C.C.P. art. 2004, any final judgment obtained by fraud or ill practices may be annulled. A judgment is subject to nullification for fraud or ill practices when two criteria are met: 1) the circumstances under which the judgment was rendered show a deprivation of the legal rights of the litigant seeking relief; and 2) enforcement of the judgment would be unconscionable or inequitable. *Ezell v. Miranne*, 15-471 (La. App. 5 Cir. 1/27/16), 185 So.3d 171, 175; *Kem Search v. Sheffield*, 434 So.2d 1067 (La. 1983).

The deprivation of a legal right has been defined as the right to appear and assert a defense and the right to a fair and impartial trial. *Ezell*, 185 So.3d at 175. A party seeking nullity of a judgment under La. C.C.P. art. 2004 must demonstrate how he was deprived of the opportunity to present the defense because of some act of fraud or ill practice on the part of the opposing party. *Id.* at 175; *Hymel v. Discover Bank*, 09–286 (La. App. 5 Cir. 12/08/09), 30 So.3d 51, 54.

In the Vidrine heirs' petition to annul, they assert that, as the executor of the decedent's estate, Elrick had a fiduciary duty to carry out the terms of her will and

any codicils, but he did nothing from 2013 to 2020, while allowing Robert to reside at the decedent's home, thereby tacitly complying with the April 8, 2005 codicil. They further allege that the February 11, 2020 judgment was procured by the fraud or ill practices of Elrick Vidrine "in purposely ignoring the wishes of the Decedent and allowing the succession proceeding to lay dormant until such time as he could seek dismissal of the April 8, 2005 Codicil, therefore, directly benefitting himself as one of the heirs of the Decedent."

Based on our *de novo* review of the petition to annul, and accepting the allegations as true, we find that it fails to state facts sufficient to state a cause of action for nullity based on fraud or ill practices. However, according to La. C.C.P. art. 934:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception **shall** order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

Accordingly, we hold that the Vidrine heirs are required to be given the opportunity to amend their petition to state a cause of action for nullity based on fraud or ill practices, pursuant to La. C.C.P. art. 934.[2] Therefore, we remand the matter to the trial court with an instruction that the trial court allow no less than 30 days for amendment, should the Vidrine heirs choose to do so.

## CONCLUSION AND DECREE

After our *de novo* review, we find no error in the trial court's June 7, 2022 that sustained Elrick Vidrine's exception of no cause of action. Accordingly, for the foregoing reasons, that portion of the judgment is affirmed. However, we reverse the dismissal the Vidrine heirs' petition to annul judgment and remand

---

[2] The Vidrine heirs were not allowed to amend their petition by the trial court.

with instructions for the trial court to comply with La. C.C.P. art. 934, as discussed

above.

**<u>AFFIRMED IN PART;</u>**
**<u>REVERSED IN PART;</u>**
**<u>REMANDED WITH INSTRUCTIONS</u>**

SUCCESSION OF ELROSE RICHARD VIDRINE

NO. 23-CA-15

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

## WICKER, J., CONCURS IN PART AND DISSENTS IN PART

I concur with the majority's decision to affirm the trial court's June 7, 2022 judgment, sustaining Elrick Vidrine's exception of no cause of action. Based on the allegations of the "Petition to Annul Judgment Obtained by Fraud or Ill Practices in Accordance with La. Code of Civil Procedure Art. 2004," I agree that the Vidrine heirs have failed to state a cause of action for nullity based on fraud or ill practices.

However, I respectfully dissent from the majority's decision to remand the case to the trial court in order to allow the Vidrine heirs to amend their petition. In my view, given the facts and law under which this case arises, the trial court was not required to allow the Vidrine heirs to amend their petition, and the trial court properly dismissed their petition to annul.

The right to amend a petition is not absolute. *DLN Holdings, L.L.C. v. Guglielmo*, 21-640 (La. App. 4 Cir. 6/29/22), 366 So.3d 461, 476, *writ denied*, 22-1388 (La. 11/22/22), 350 So.3d 502. The right to amend a petition, pursuant to La. C.C.P. art. 934, is qualified by the restriction that the objection be curable. *Palowsky v. Campbell*, 21-358 (La. App. 5 Cir. 3/30/22), 337 So.3d 567, 578. "Where the amendment would be a vain and useless act, such an amendment is not required by La. C.C.P. art. 934." *Id.*; *Hennig v. Alltel Communications, Inc.*, 05-96 (La. App. 5 Cir. 5/31/05), 903 So.2d 1137, 1140.

La. C.C.P. art. 934 provides that the judgment sustaining a peremptory exception shall order amendment of the petition "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition." It further provides that if the grounds of the objection cannot be removed, the action or demand shall be dismissed.

In the present case, the Vidrine heirs allege in their petition that Elrick Vidrine committed fraud or ill practice by purposely ignoring the wishes of the decedent and allowing the succession proceedings to lay dormant until he could have their petition dismissed. These actions, if proven, do not rise to the level of fraud or ill practices. The record before this Court does not suggest that an amendment could cure the defect in the petition.

The decision to allow the amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. *Palowsky v. Cork*, 19-148 (La. App. 1 Cir. 5/20/20), 304 So.3d 867, 875; *Robinson v. Allstate Insurance Company*, 53,940 (La. App. 2 Cir. 5/26/21), 322 So.3d 381, 388, *writ denied*, 21-906 (La. 10/19/21), 326 So.3d 264. Based on my review, I find no abuse of the trial court's discretion in failing to allow the Vidrine heirs the opportunity to amend their petition to state a cause of action for nullity based on fraud or ill practices. Accordingly, I would affirm the trial court's decision in its entirety.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 6, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-15

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
DANIEL R. MARTINY (APPELLANT)

### MAILED
JAMES B. MULLALY (APPELLANT)
ATTORNEY AT LAW
131 AIRLINE DRIVE
SUITE 201
METAIRIE, LA 70001

ROBERT ANGELLE (APPELLEE)
ATTORNEY AT LAW
3231 NORTH I-10 SERVICE ROAD WEST
SUITE 210
METAIRIE, LA 70002